DAVIS, Appellant,

v.

**HOCKING COUNTY SHERIFF, Appellee.**

[Cite as *Davis v. Hocking Cty. Sheriff* (1992), 76 Ohio App.3d 843.]

Court of Appeals of Ohio,
Hocking County.

No. 91CA2.

Decided Feb. 26, 1992.

*Edwin C. Johnson,* for appellant.

*Downes & Hurst* and *Mark A. Fishel,* for appellee.

STEPHENSON, Presiding Judge.

This is an appeal from a judgment entered by the Hocking County Court of Common Pleas, which affirmed an order of the State Personnel Board of Review ("SPBR") dismissing on jurisdictional grounds an appeal by Raymond E. Davis of his removal from employment as a deputy sheriff by James P. Jones, the Sheriff of Hocking County. The following error is assigned:

"The court erred in affirming the decision of the State Personnel Board of Review dismissing the appeal of appellant."

The factual background of this appeal is basically undisputed. Appellant was employed as a deputy sheriff in the Hocking County Sheriff's Department. On May 9, 1990, appellant was removed from his position of deputy sheriff for, *inter alia*, failure of good behavior, neglect of duty, violation of department rules and conduct unbecoming an officer. An attachment to the removal order set forth specific alleged acts justifying removal.

At the time of his removal there was in effect a collective bargaining agreement between the Hocking County Sheriff's Department and the International Brotherhood of Teamsters, Public Employees of Ohio, Local 450 entered into pursuant to authority granted by R.C. Chapter 4117. Appellant was a member of the bargaining unit and within the coverage of the agreement. Article 12 provided for a grievance procedure and, in various subsections, set forth the procedures for processing a grievance, including final and binding arbitration. It is also undisputed that given the definition in Section 12.2, Article 12 of a grievance "as a dispute or controversy arising from only the misapplication or misinterpretation or compliance with the specific and express written provisions of this Agreement," and that Section 31.3, Article 31 provides that the tenure of bargaining unit employees shall "continue with good behavior and efficient service" and that an employee may be discharged for "just cause," the grievance procedure would be applicable.

Included in the collective bargaining agreement is Section 12.3(e), Article 12, which reads as follows:

"The existence of this Grievance Procedure, hereby established, shall not be deemed to require any employee to pursue the remedies herein provided and shall not impair or limit the right of any employee to pursue any other remedies available under law, except that any employee who pursues any other available remedy, other than provided by this procedure, shall automatically have waived and forfeited any remedies provided by this procedure."

Appellant timely appealed his removal, pursuant to authority granted in R.C. 124.34, to the SPBR, which has jurisdiction granted by R.C. 124.03.

Appellee filed a motion to dismiss, asserting SPBR lacked jurisdiction by reason of R.C. 4117.10(A), which reads, *inter alia,* as follows:

"An agreement between a public employer and an exclusive representative entered into pursuant to Chapter 4117. of the Revised Code governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure. Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees."

An administrative law judge of the SPBR filed a report and a recommendation that the appeal be dismissed by the board for lack of jurisdiction. The hearing officer interpreted the contract language of reservation to allow the employee to pursue any other remedies available under law by stating as follows:

"It is urged on behalf of the appellant in this matter that Article 12, Section 12.3(e), does not limit the right of Appellant Davis to pursue any other remedies available under law. This contention is correct. However, this provision expressly refers to 'remedies available under law,' and because of the particular circumstances of Mr. Davis at the time of his removal, because of the nature of the collective bargaining agreement which covered his position, and because of the nature of the statutory language contained within Ohio Revised Code Section 4117.10(A), the State Personnel Board of Review is *not* an agency which is 'available under law' to provide a remedy as to Mr. Davis's removal. The language of Ohio Revised Code Section 4117.10(A) specifically and expressly excludes remedies, otherwise available from the State Personnel Board of Review, from the circumstances underlying this appeal." (Emphasis *sic.*)

SPBR accepted the recommendation and dismissed the appeal. Appellant appealed pursuant to R.C. 124.34 and 119.12 to the court below, which affirmed the order of dismissal by finding the order "supported by reliable, probative and substantial evidence and * * * in accordance with law."

The primary issue this appeal presents for review is whether the interpretation of R.C. 4117.10(A) by SPBR and the court below was proper in construing the language therein providing that "[i]f the agreement provides for a final

and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure."

Appellee, as apparently did the court below, urges, in effect, that the above language be construed to apply not only when there is a collective bargaining agreement containing *mandatory* final and binding arbitration of grievances, but also to agreements where it is *optional* with an employee to utilize the contract grievance procedure therein.

The unarticulated premise of such argument is that the General Assembly intended to restrict the right of parties to negotiate agreements wherein the utilization of the grievance procedure is optional. We conclude that if the General Assembly had intended that interpretation it would have utilized appropriate language to reflect such intention. It is not the function of this court to amend the statute through the guise of judicial interpretation.

Admittedly, the above language, if woodenly applied, in the abstract and without reference to other provisions in the agreement, would support appellee's position, since the collective bargaining agreement does contain a final and binding arbitration provision. However, by express language, the withdrawal of SPBR jurisdiction applies only "[i]f the agreement provides for a final and binding arbitration of grievances."

While the collective bargaining agreement does provide for final and binding arbitration, it is not mandatory that the employee utilize it. If the parties agree upon mandatory final and binding arbitration, the withdrawal of SPBR jurisdiction is logical and consistent with the public policy of Ohio of resolving disputes by final and binding arbitration, see *Dayton Teachers Assn. v. Dayton Bd. of Edn.* (1975), 41 Ohio St.2d 127, 70 O.O.2d 223, 323 N.E.2d 714, and confining parties to the remedies to which they have agreed. No such public policy exists when, as here, it is optional either to utilize the grievance or to "pursue *any* other remedies available under law." [1]

While R.C. 4117.09(B)(1) requires the agreement to contain a grievance procedure, there is no statutory requirement in R.C. Chapter 4117 or elsewhere that the parties must provide for mandatory final and binding arbitra-

---

1. This court noted in *State ex rel. Williams v. Belpre City School Dist. Bd. of Edn.* (1987), 41 Ohio App.3d 1, 534 N.E.2d 96, the general rule that nonexclusive remedy clauses in collective bargaining agreement do not bar judicial intervention. Collective bargaining agreements that provide conditional remedies are not novel. See *Woodruff v. Cabell Huntington Hosp. Bd. of Trustees* (1984), 173 W.Va. 604, 319 S.E.2d 372, and cases cited in fn. 3, 173 W.Va. at 608, 319 S.E.2d at 376.

tion, and the General Assembly was presumedly aware of that when it enacted R.C. 4117.09. The following was aptly stated in *Bashford v. Portsmouth* (1990), 52 Ohio St.3d 195, at 200, 556 N.E.2d 477, at 482:

"Collective bargaining negotiations involve a process whereby two parties come to the table, each with a number of rights and obligations established by state and local laws, which rights and obligations are placed on the table and either bartered away or retained to the satisfaction of both parties."

The most predominate and important remedy under the law possessed by a classified civil service employee in Ohio is the right of appeal to either the SPBR or to court pursuant to civil service laws. It cannot be reasonably contended that appellant or his representative bartered away such right in the collective bargaining agreement herein, given the unambiguous contract language that "[t]he existence of this Grievance Procedure, hereby established, shall *not* be deemed to require any employee to pursue the remedies herein provided and shall *not* impair or limit the right of any employee to pursue any other remedies available under law * * *." (Emphasis added.)

Appellee contends this appeal is controlled by *Richards v. State Personnel Bd. of Review* (Jan. 29, 1989), Licking App. No. 3393, unreported, 1989 WL 11498. In *Richards*, a deputy sheriff appealed her removal to the SPBR. On motion of the sheriff, the appeal was dismissed and the dismissal was affirmed by the Licking County Common Pleas Court. In affirming the lower court, the court of appeals stated as follows:

"Moving to appellant's argument that the SPBR did indeed possess jurisdiction to hear her appeal rather than to dismiss it, that argument is not well taken. As stated by appellee-sheriff, 'the jurisdiction of the Board of Review has been limited by the enactment of the Ohio Public Employees Collective Bargaining Act, Revised Code Chapter 4117.' (Sheriff's brief at 8.) R.C. 4117.10(A) specifically and clearly precludes the Civil Service review Richards seeks when a collective bargaining agreement governing the wages, hours and terms and conditions of the subject employees 'provides for a final and binding arbitration of grievances.' *The instant collective bargaining agreement between the FOP and the sheriff provides for such final and binding arbitration* pursuant to Section 10.7, Step 4." (Emphasis added.)

Nowhere in the opinion is there any indication that the agreement provided other than for mandatory final and binding arbitration. Hence, the holding is inapposite to the facts in the case *sub judice*. Further, in none of the other cases relied upon by appellee to support the judgment was a conditional grievance procedure involved.

Finally, we find unpersuasive appellee's argument that if it was intended by the agreement to preserve appellant's right to appeal to the SPBR, it was necessary that such appeal right be specifically set forth in the agreement.

What was set forth was the right to pursue *any other remedies* available under law. R.C. 4117.10(A) provides, in pertinent part, that "where an agreement *makes no specification about a matter,* the public employer and public employees are subject to *all applicable state or local laws* or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees." (Emphasis added.) Since the agreement did not specifically exclude the right to appeal to the SPBR, such appeal right continued.

In summary, we hold that that part of R.C. 4117.10(A) which withdraws jurisdiction of the SPBR to hear an appeal by a classified civil service employee pursuant to R.C. 124.34 is applicable only when there is a collective bargaining agreement providing for a mandatory final and binding arbitration of grievances. When the agreement provides that the employee has the right to pursue all remedies provided by law instead of following the grievance procedure in the collective bargaining agreement, the board has jurisdiction to hear an appeal timely perfected under R.C. 124.34.

In light of the above, the SPBR erred in the dismissal of appellant's appeal, such dismissal being manifestly contrary to law, and the court below erred in affirming such dismissal. Accordingly, the assignment of error is sustained, the judgment reversed and the cause remanded to SPBR for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GREY and HARSHA, JJ., concur.